**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

ROBERT L. HILLMAN,

        **CASE NO. 2:20-CV-1544**

    Petitioner,        **JUDGE JAMES L. GRAHAM**

        **Magistrate Judge Kimberly A. Jolson**

    v.

WARDEN, ALLEN
CORRECTIONAL INSTITUTION,

    Respondent.

## OPINION AND ORDER

On March 27, 2020, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that this action be transferred to the United States Court of Appeals for the Sixth Circuit as successive. (ECF No. 3.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 4.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection (ECF No. 4) is **OVERRULED**. The Report and Recommendation (ECF No. 3) is **ADOPTED** and **AFFIRMED**. This action is **TRANSFERRED** to the Sixth Circuit as successive.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his February 2014 convictions after a jury trial in the Franklin County Court of Common Pleas on charges of burglary, attempted burglary, receiving stolen property, and theft. He asserts that he was denied the effective assistance of trial counsel during pre-trial proceedings based on his attorney's failure to interview or subpoena witnesses (claim one); that the trial court unconstitutionally failed to hold an evidentiary hearing on his petition for post-conviction relief (claim two); that the trial court improperly failed to appoint counsel to

represent Petitioner in post-conviction proceedings and "used its recollection of what it thought the evidence was at trial" (claim three); and that the trial court unconstitutionally refused to appoint an investigator to assist him in locating key defense witnesses (claim four).

However, as discussed by the Magistrate Judge, this is not Petitioner's first federal habeas corpus petition challenging these same convictions. On June 16, 2015, he filed a prior § 2254 action. On October 28, 2016, Judgment was entered dismissing that action. *Hillman v. Warden*, Case No. 2:15-cv-2417, 2016 WL 6125400 (S.D. Ohio Oct. 20, 2016). On June 26, 2017, the Sixth Circuit denied Petitioner's request for a certificate of appealability. On March 9, 2018, this Court denied Petitioner's motion for reconsideration as successive. *Hillman v. Warden*, Case No. 2:15-cv-2417, 2018 WL 1224512 (S.D. Ohio Mar. 9, 2018). On July 12, 2018, the Sixth Circuit denied Petitioner's request for a certificate of appealability. Thus, the Magistrate Judge recommended that this action be transferred to the Sixth Circuit as a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A).

Petitioner objects to that recommendation. He argues that this Court improperly denied his prior § 2254 petition based on false information and before he exhausted state post-conviction proceedings. On July 10, 2018, the trial court held an evidentiary hearing on Petitioner's post-conviction claim of ineffective assistance of trial counsel pursuant to a remand from the Ohio Court of Appeals. Petitioner now asserts that he was denied the right to counsel and the right to present witnesses at that time. He argues that the Court previously should have granted him a stay or conducted an evidentiary hearing on his claim of ineffective assistance of counsel. According to the Petitioner, this action should not be deemed to be a second or successive habeas corpus petition, because he could not earlier have raised the claims he now

presents or because he is challenging a new judgment of the state trial court. These arguments are not persuasive.

"The mere fact that a petitioner has previously filed a petition pursuant to § 2254 does not necessarily mean that a subsequent petition filed pursuant to § 2254 is a 'second or successive' petition." *Roberts v. Gansheimer*, No. 1:10cv2619, 2011 WL 7637550, at *8 (N.D. Ohio Dec. 21, 2011) (citing *In re Salem*, 631 F.3d 809, 812 (6th Cir. 2011) (citing *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007)); *In re Cook*, 215 F.3d 606, 607 (6th Cir. 2000)).

A subsequent § 2254 federal habeas corpus petition is not deemed to be a second or successive petition if:

> the claims asserted in that petition were not ripe at the time an earlier petition was filed, *see Stewart v. Martinez–Villareal*, 523 U.S. 637, 643–46, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (finding that when a second petition presents a claim identical to a claim that was included in an earlier petition but was not yet ripe for review, the court should treat both petitions as a single application for habeas relief), or (2) if the subsequently filed petition attacks a state court judgment that was not attacked in the previous petition. *Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 2796, 177 L.Ed.2d 592 (2010).

*Quinn v. Forshey*, No. 3:14cv1758, 2015 WL 3824453, at *25 (N.D. Ohio June 19, 2015). For example, in *Martinez–Villareal*, the Petitioner asserted in his first habeas corpus petition, *inter alia*, that he was not competent to be executed. The District Court dismissed that claim as premature because his execution had not been scheduled, but decided the merits of the remaining claims. When a warrant issued for execution, the issue of his competency to be executed had ripened for review and was not deemed to be filed in a second or successive petition. *See In re Salem*, 631 F.3d 809, 812 (6th Cir. 2011) (citing *Martinez-Villareal*, 523 U.S. at 637). Similarly, in *In re Salem*, a numerically second petition was not deemed to be successive where the District Court declined to address in the first habeas corpus petition the claim as unripe because it had issued a conditional writ on the claim and because it was pending a constitutional hearing that

3

had not yet to occurred. *Id*. at 813. *See also Phillips v. Robinson*, No. 5:12cv2323, 2013 WL 3996756, at *11 (N.D. Ohio Aug. 2, 2013) (claims based on Ohio's new execution protocol adopted after the dismissal of the first habeas corpus petition were not ripe for review at that time); *Lang v. United States*, 474 F.3d 348, 351-52 (6th Cir. 2007) (habeas corpus petition not successive where it challenges new claims that arose at re-sentencing) (citations omitted). However, a petitioner with unexhausted claims who elects to proceed to adjudication of his exhausted claims may not later assert that a subsequent petition is not second or successive merely because his new claims were unexhausted at the time he filed his first habeas corpus petition. *Burton v. Stewart*, 549 U.S. 147, 154 (2007).

Relevant here, the Ohio Tenth District Court of Appeals summarized the procedural history of the case as follows:

> [O]n November 21, 2013, appellant was indicted for attempted burglary (Count 1 of the indictment), burglary (Count 2 of the indictment), and burglary (Count 3 of the indictment) in case No. 13CR-6206. Appellant was indicted for burglary (Count 1 of the indictment), theft (Count 2 of the indictment), and receiving stolen property (Count 3 of the indictment) in case No. 13CR-6648. On January 17, 2014, plaintiff-appellee, State of Ohio, moved for joinder of the cases for purposes of trial, which was granted. On January 27, 2014, appellant requested that his lawyer be allowed to withdraw and he represent himself, which the trial court granted. The trial began on February 18, 2014. On February 20, 2014, the jury returned a verdict of guilty as to all counts in both cases. The court sentenced appellant on February 25, 2014 in both cases.

> Appellant filed a notice of appeal on March 27, 3014. On December 30, 2014, this court affirmed the judgment of the trial court, but also having found that the trial court's judgment entry contained a clerical error in that it did not incorporate the required findings necessary to impose consecutive terms of imprisonment, we remanded the case to that court for the purpose of issuing a nunc pro tunc judgment entry correcting said error. Appellant filed motions for reconsideration, to certify a conflict, for en banc consideration, and for judicial notice, which were denied. *See State v. Hillman*, 10th Dist. No. 14AP-252 (Feb. 24, 2015) (memorandum decision). On January 6, 2015, the trial court made the requisite findings necessary to impose consecutive terms of imprisonment and incorporated the same into the amended judgment entry.

While the direct appeal was pending and thereafter, appellant began to engage in extensive post-judgment motion practice.FN1.  In *State v. Hillman*, 10th Dist. No. 17AP-256, 2017-Ohio-8217 ("*Hillman II*"), when we affirmed the trial court's denial of one of appellant's post-judgment motions to vacate, we noted:

> Our review of the record shows that, prior to the motion to vacate that is the subject of this appeal, appellant has filed approximately 15 post-judgment motions, requests, and petitions with the trial court, many of which are repetitive, including a motion for a new trial, and a petition to vacate or set aside the judgment of conviction and sentence.  Appellant's motions, requests, and petitions were all denied.  The Supreme Court of Ohio has also addressed, and denied, an application to disqualify the trial judge.

> *Hillman II* at 5.

FN1:  Contemporaneously, appellant also began to file civil cases and attempted to pursue criminal charges against witnesses who testified at his trial, and the clerk of courts and judges who processed and presided over the cases.

On January 14, 2015, the trial court filed a decision and entry denying all appellant's then outstanding motions, which included denying a motion to vacate that appellant filed August 20, 2014.  One of the claims, among others, raised by appellant in the August 20, 2014 motion to vacate was ineffective assistance of trial counsel.

On February 3, 2015, appellant filed a motion asking the trial court to issue findings of fact and conclusions of law related to the court's January 14, 2015 denial of his motion to vacate.  On March 26, 2015, the trial court summarily denied appellant's request.  Appellant then filed an original action in this court requesting a writ of procedendo to order the trial court to provide him with written findings of fact and conclusions of law.  Adopting the magistrate's decision, we granted the writ and ordered the trial court to issue a decision on relator's argument "that his trial counsel was ineffective because he failed to properly investigate and subpoena witnesses for trial, [and to] include findings of fact and conclusions of law."  *State ex rel. Hillman v. Judge Cain*, 10th Dist. No. 16AP-780 (May 22, 2018) (memorandum decision) ("*Hillman III*").  We further ordered the trial court shall include findings of [f]act and conclusions of law.  We noted that we had previously declined to address appellant's argument in his direct appeal regarding ineffective assistance of counsel because the record was not fully developed as to the allegations made by appellant regarding the investigation conducted by his attorney.  Therefore, as the trial court did regarding all the other claims made by appellant, it could not rely on our decision on direct appeal as the basis for denying appellant's petition for postconviction relief as to the ineffective assistance of counsel claims.  We adopted the magistrate's decision to grant the writ of procedendo "ordering the common pleas court to take whatever steps are

5

necessary to properly consider and determine relator's argument that his trial counsel aw ineffective because he failed to properly investigate and subpoena witnesses for trial." *Hillman III.*

On May 31, 2018, appellant filed with the trial court a request for an evidentiary hearing. On July 10, 2018, the trial court held a hearing. On August 14, 2018, the trial court filed findings of fact and conclusions of law on appellant's petition for postconviction relief. The trial court found that prior to the commencement of trial, appellant raised the ineffective assistance of counsel claim as to the failure to call witnesses "Carol" and his brother, William Hillman ("William"). The court further found that, at the hearing, appellant "added nothing to his pre-trial assertions on incompetency (which, indeed, were on the record), saying only that counsel should have interviewed witnesses but not being able to suggest who those witnesses might be. He suggested no evidence to support any claims of alibi. And he called no witnesses at the post conviction hearing. (Aug. 14, 2018 Findings of Fact at 2.) The court concluded appellant "totally failed to show that his pre-trial counsel was deficient, let alone 'seriously deficient,'" and further, the court found no prejudice resulted from counsel's performance as "the evidence of guilty * * * at the jury trial was well beyond any reasonable doubts on all of the counts." (Aug. 14, 2018 Findings of Fact at 3.) The trial court denied appellant's petition.

*** 

Appellant appeals and assigns the following five assignments of error for our review.

> [I.] APPELLANT CONTENDS THAT THE TRIAL COURT DENIED HIM DUE PROCESS AND EQUAL PROTECTION OF THE LAW UNDER THE 1ST, 5TH, 6TH, AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS AND, ARTICLE 1 SECTION 2 OF THE OHIO CONSTITUTION WHEN IT RULED UPON THE APPELLANTS POST-CONVICTION MOTION AFTER THE REMAND ORDER OF THIS COURT WITHOUT HOLDING AN EVIDENTIARY HEARING.

> [II.] APPELLANT CONTENDS THAT THE TRIAL COURT VIOLATED HIS 1ST, 5TH, AND 14TH AMENDMENT RIGHTS TO SUBSTANTIVE DUE PROCESS AND EQUAL PROTECTION OF THE LAW, ARTICLE __ SECTION __ OF THE OHIO CONSTITUTION WHEN IT FAILED TO FULLY COMPLY WITH THE APPELLATE COURT'S REMAND ORDER OF JANUARY 18, 2018.

6

[III.] APPELLANT CONTENDS THE TRIAL COURT DENIED HIM DUE PROCESS AND EQUAL PROTECTION OF THE LAW WHEN IT FAILED TO COMPLY WITH R.C. 120.16 AND GIVE THE PUBLIC DEFENDERS OFFICE NOTIFICATION OF THE HEARING IN VIOLATION OF THE APPELLANT'S 1ST, 6TH, AND 14TH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTIONS.

[IV.] APPELLANT CONTENDS THAT THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF LAW WHEN IT RULES UPON THE PETITION USING ONLY ITS RECOLELCTION OF THE EVIDENCE AND FACTS OF THE CASE.

[V.] APPELLANT CONTENDS THAT THE TRIAL COURT DELIBERATELY DENIED HIM DUE PROCESS AND EQUAL PROTECTION OF LAW UNDER THE 1ST, 5TH AND 14TH, 6TH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS WHEN IT DENIED APPELLANT'S MOTION FOR AN EXPERT INVESTIGATOR TO FIND A WOMAN NAME CAROL, WHO WOULD HAVE TESTIFIED THAT APPELLANT COULD NOT HAVE COMMITTED THE CRIME, IN SUPPPORT OF HIS CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR FAILING TO INVESTIGATE.

(*Memorandum Decision*, Nos. 18AP-696, 18AP-699, April 30, 2019, website of the Franklin

County Clerk,

fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/caseSearch?gX6Xn6IS6JeGWxWnXuoM.)

On April 30, 2019, the appellate court affirmed the trial court's judgment. *Id*. In so doing, the

appellate court found that Petitioner had failed to support his August 20, 2014, post-conviction

petition with sufficient operative facts in support of his claim of ineffective assistance of counsel

to warrant an evidentiary hearing. *See id*.[1] On March 3, 2020, the Ohio Supreme Court declined

---

[1] Petitioner asserted that his trial counsel, Vincent Watkins, was ineffective because he failed to subpoena Petitioner's brother, William, and an elderly woman named Carol. However, Petitioner elected to represent himself at trial and did not attach an affidavit from William or Carol in support of his post-conviction petition. (*See Memorandum Decision*, Nos. 18AP-696, 18AP-699, April 30, 2019, website of the Franklin County Clerk, fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/caseSearch?gX6Xn6IS6JeGWxWnXuoM.)

to accept jurisdiction of the appeal. *State v. Hillman*, Case No. 2019-1707, website of the Franklin County Clerk.)

Thus, the trial court did not issue a new judgment that would provide a basis for a new challenge under 28 U.S.C. § 2254 bypassing the restrictions on the filings of successive habeas corpus petitions. *See Watkins v. Warden, Madison Corr. Inst.*, No. 2:18-cv-590, 2018 WL 3142854, at *3 (S.D. Ohio June 26, 2018) (citing *Magwood v. Patterson*, 561 U.S. 320, 331-39 (2010); *In re Stansell*, 828 F.3d 412 (6 th Cir. 2016)). Instead, it issued factual findings and conclusions of law to support its prior denial of Petitioner's claim of ineffective assistance of counsel pursuant to the remand from the Ohio Court of Appeals. Moreover, the factual basis for Petitioner's claim of ineffective assistance of counsel during pre-trial proceedings was apparent at the time of the filing of Petitioner's first habeas corpus petition and it was ripe for review at that time. Petitioner raised this same claim of ineffective assistance of trial counsel in his first § 2254 petition. This Court has already rejected the claim as plainly without merit:

> Petitioner does not identify any potential defense witnesses who could have provided exculpatory evidence for the defense had they been called to testify. In any event, because Petitioner chose to exercise his right to self representation, it would have been his responsibility to subpoena and call any defense witnesses at trial. "When a defendant chooses to effectuate the right of self-representation, he foregoes, as a factual matter, the benefits associated with representation by legal counsel." *Fowler v. Collins*, 253 F.3d 244, 249 (6th Cir. 2001) (citing *Faretta v. California,* 422 U.S. 806, 834 (1975)). "[A] defendant who exercises his right to appear pro se 'cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" *McKaskle v. Wiggins*, 465 U.S. 168, 198 n.8 (1984) (quoting *Faretta,* 422 U.S., at 834 n. 46). Petitioner's claim of the denial of the effective assistance of counsel therefore fails.

*Hillman,* No. 2:15-cv-2417, 2016 WL 6125400, at *22. The Respondent did not previously argue that the claim was unexhausted, and Petitioner did not request a stay on the basis of exhaustion. *Hillman*, No. 2:15-cv2417, 2018 WL 1224512, at *3. "In any event, this Court

dismissed all of Petitioner's allegations of denial of the effective assistance of counsel—whether they appeared off the record or on the record—as plainly without merit. . .  [and] was vested with jurisdiction to do so." *Id*. (citing 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")  As discussed, the Court transferred Petitioner's motion under Rule 60(b) wherein he made the same arguments that he now does here to the Sixth Circuit as successive.  *Id*.

Likewise, this action constitutes a successive habeas corpus petition.  To the extent that Petitioner now raises claims regarding alleged errors by the trial court in issuance of its factual findings after the remand from the Ohio Court of Appeals, in post-conviction proceedings, such claims would not, in any event, provide a basis for federal habeas corpus relief.  *See Williams v. Jenkins*, No. 2:16-cv-666, 2016 WL 4394136, at *2 (S.D. Ohio Aug. 18, 2016) (citing *Wright v. Lazaroff*, 643 F.Supp.2d 971, 990-91 (S.D. Ohio 2009); 28 U.S.C. § 2254(a).

For all of the foregoing reasons and for the reasons discussed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (ECF No. 4) is **OVERRULED.**  The Report and Recommendation (ECF No. 3) is **ADOPTED** and **AFFIRMED.**  This action is **TRANSFERRED** to the Sixth Circuit as successive.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability.  "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —–U.S. —–. —–, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

9

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).  When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id*.

The Court is not persuaded that reasonable jurists would debate the transfer of this action to the Sixth Circuit as successive.  The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

**IT IS SO ORDERED**.

Date: April 16, 2020

        _____s/James L. Graham_____
        **JAMES L. GRAHAM**
        **UNITED STATES DISTRICT JUDGE**